**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No.  09-27916-RAM |
| MAGALY DEL ROCIO ARAGON, | Chapter  7 |
| Debtor. | |

_____/

**DEBTOR'S MOTION TO REOPEN CASE PURSUANT**
**TO 11 U.S.C. §350 AND BANKRUPTCY RULE 5010**

Debtor, MAGALY DEL ROCIO ARAGON ("Debtor"), by and through undersigned counsel, submits *Debtor's Motion to Reopen Case Pursuant to 11 U.S.C. §350 and Bankruptcy Rule 5010* ("Motion"), in accordance with Local Rule 5010(b) and in support of the Motion, states the following facts:

1. On August 27, 2009, Debtor filed a Chapter 7 Voluntary Petition for bankruptcy relief ("Petition").

2. Accompanying the Petition were the Debtor's bankruptcy schedules.

3. The Debtor listed her homestead on Schedule A: 10925 NW 47th Lane, Doral, FL 33178 ("Homestead").  The Debtor claimed her Homestead as an exempt asset on Schedule C.  No creditor or party-in-interest objected to the Debtor's claimed exemptions, and therefore the claimed exemption on her Homestead was allowed.

4. The Debtor listed the value of the Homestead, on Schedule A as $320,000.00.

5. On Schedule D, the Debtor listed the two mortgage loans, that have liens on the Homestead, as follows:

| Creditor: | Nature of Lien: | Amount of claim | Unsecured Portion |
|---|---|---|---|
| Aurora Loan Services | 1st Mortgage | $349,307.00 | $29,307.00 |
| Aurora Loan Services | 2nd Mortgage | $86,796.00 | $86,796.00 |

6. On December 9, 2009, this Court entered its *Discharge of Debtor* (CP# 35) ("Discharge") .

7. Thereafter, on March 30, 2010, this Court entered its *Final Decree* (CP#40) and closed the case.

8. Subsequent to the entry of her Discharge, and only recently, the 11th Circuit Court of Appeals in the case of *McNeal vs GMAC Mortgage, LLC*, 2012 WL 1649853 (11th Cir., 2012) has clarified and reiterated the law in this Circuit as it relates to the ability of a chapter 7 debtor to strip off a wholly unsecured lien:

> ... the present controlling precedent in the Eleventh Circuit remains our decision in *Folendore v. United States Small Bus. Admin.,* 862 F.2nd 1537 (11th Cir. 1989). In *Folendore*, we concluded that an allowed claim that was wholly unsecured... was voidable under the plain language of section 506(d).

9. The *McNeal* opinion recognized the confusion on the subject of a chapter 7 debtor's ability to avoid a wholly unsecured lien. This confusion was created by the U.S. Supreme Court's opinion in *Dewsnup v. Timm,* 502 US 410 (1992). The *McNeal* Court indicated that there are bankruptcy court decisions in this circuit that have ruled that *Folendore* was abrogated by *Dewsnup*. The *McNeal* Court distinguished *Dewsnup*, and reaffirmed that *Folendore* remains good law. The law in this Circuit is that a chapter 7 debtor can avoid a wholly unsecured lien.

10. Accordingly, the Debtor seeks to reopen her bankruptcy case to avoid the second mortgage held or serviced by Aurora. That second mortgage, which serves as a lien against the

-3-

Homestead, is wholly unsecured.

11. Pursuant to 11 U.S.C. §350(b), a case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause.

12. The Debtor's case should be reopened in order to allow the Debtor to avoid the wholly unsecured second mortgage against her Homestead, as more fully described above. The Debtor did not seek to avoid the mortgage while her case was pending due to the uncertainty in the law at the time.

13. Accordingly, it is appropriate for this Court to enter an Order reopening the Debtor's case.

WHEREFORE, the Debtor, Magaly Del Rocio Aragon, respectfully requests that this Court enter an Order reopening this case to allow the Debtor to strip off and avoid the second mortgage on her Homestead, and for such other and further relief that this Court deems appropriate under the circumstances.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on **July 24, 2012**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, and that the foregoing document, is being served this day on and on all counsel of record or pro se parties identified on the attached service list, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

    BEHAR, GUTT & GLAZER, P.A.
    Attorneys for Debtor
    2999 N.E. 191st Street, Fifth Floor
    Aventura, Florida  33180
    Telephone:  (305) 931-3771
    Fax:  (305) 931-3774

    By    S/ **Brian S. Behar**
        BRIAN S. BEHAR
        FBN:  727131
        ROBERT J. EDWARDS
        FBN:  007544